UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LELA TOMPKINS,

        Plaintiff,                            Case No. 10-10413
                                                 HON. BERNARD A. FRIEDMAN

vs.

CROWN CORR, INC., et al.,

        Defendants.
_____/

**MODIFIED OPINION AND ORDER GRANTING CROWN CORR, INC.'S AND HUNT CONSTRUCTION GROUP, INC.'S MOTIONS FOR SUMMARY JUDGMENT**

**I.**    **Introduction**

        This matter is before the Court on Defendant, Crown Corr, Inc.'s motion for summary judgment. Defendant Hunt Construction Group, Inc. joined in Defendant's motion. Plaintiff filed a response, and Defendant filed a reply. Pursuant to Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without oral argument.

**II.**    **Procedural History**

        On December 22, 2008, Plaintiff Lela Tompkins filed her original complaint in Wayne County Circuit Court naming Wayne County Airport Authority, d/b/a Detroit Metropolitan Airport ("Detroit Metro"), Northwest Airlines ("Northwest") and Kimco Corporation ("Kimco") as defendants with respect to a December 29, 2005 slip-and-fall as a result of a purported water leak from the roof of Detroit Metro which caused a puddle in the Midfield Terminal, Main (Center) Tram Station at the south side escalators. On February 19, 2009, Detroit Metro and Northwest filed a third-party complaint against Hunt Construction Group, Inc. ("Hunt") and

1

Crown Corr, Inc. ("Crown Corr").

After filing its answer on April 6, 2009, Crown Corr filed a motion for summary disposition in the state court, pursuant to MCR 2.116(C)(10) arguing that pursuant to Michigan's statute of repose, codified in MCL § 600.5839, no person may maintain any action to recover damages for any bodily injury arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any contractor making the improvement more than six years after the time of occupancy of the completed improvement, use or acceptance of improvement. There was no dispute that the then third-party plaintiffs took occupancy of the completed improvement, used it or accepted it on or before February 24, 2002.

Following the filing of response and reply briefs and oral argument, Judge Baxter of the Wayne County Circuit Court entered an order granting Crown Corr's motion for summary judgment and dismissed the third-party complaint against Crown Corr and Hunt with prejudice. The dismissal was not appealed.

Thereafter, following a motion by Northwest and Detroit Metro, Judge Baxter granted Northwest and Detroit Metro leave to file notices of non-party fault identifying Crown Corr and Hunt as potentially responsible parties. The order granting such leave was entered on September 25, 2009. On September 28, 2009, Northwest and Detroit Metro served their notices of non-party fault identifying Crown Corr and Hunt as potentially responsible parties. On December 10, 2009, following a motion for leave to file an amended complaint, the court entered an order granting said relief. Plaintiff filed her amended complaint naming Crown Corr and Hunt as defendants on December 29, 2009, which is one day past the cut-off permitted for such filing,

pursuant to MCR 2.112(K)(4).

Crown Corr was served with Plaintiff's First Amended Complaint on January 7, 2010, and on January 29, 2010 Crown Corr removed this action to this Court, and filed its responsive pleadings. Northwest and Detroit Metro then filed their cross-complaint against Crown Corr and Hunt. Crown Corr then filed its responsive pleadings, contending that the cross-complaint is barred by res judicata.

### III.     Timeliness of Complaint

As an initial matter, the Court must contend with the issue of Plaintiff's failure to timely file her first amended complaint. On September 28, 2009, Northwest and Wayne County served two notices of non-party fault identifying Crown Corr and Hunt. Michigan Court Rule 2.112(K)(4) provides that a party served with notice, Plaintiff, "may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty. The court may permit later amendment as provided in MCR 2.118." MCR 2.118(A)(2) provides that "a party may amend a pleading only by leave of the court or by written consent of the adverse party."

Plaintiff, in response, misconstrues the language of the court rule, contending that the language of the rule is entirely permissive, and without restriction. Plaintiff's reading is incorrect, as the permissive "may" in the rule applies only to whether the amended pleading may be filed; however, the inclusion of a time limitation indicates a mandatory time within such pleading must be filed, if Plaintiff exercises her discretion to file it. Further, while Plaintiff is correct that the rule provides that a court may permit "later amendment as provided in MCR 2.118," that rule only permits later amendment by leave of the court, which was not requested.

The leave of the court that plaintiff received was the leave to file the amended pleading, not to file it beyond the time limitation provided for in the rule.

In addition, Plaintiff argues that its amended pleading was filed pursuant to MCL 600.2957(2), and not MCR 2.112. However, the statute and the court rule are not independent. As the Michigan Court of Appeals has explained, MCR 2.112(K) is "essentially intended to implement MCL 600.2957." Holton v. A+ Ins. Assoc., Inc., 255 Mich.App. 318, 324 (2003) *see also* Bint v. Doe, 274 Mich. App. 232, 234 (2007). In other words, while leave may be granted pursuant to MCL 600.2957, and MCL 600.2957 does not impose a time restriction, the Court Rule defines the time within which such amendment must be filed.

Here, it is undisputed that Plaintiff's amended pleading was not filed within the 91 days permitted by MCR 2.112(K)(4). Further, there is no averment that leave of the court was sought to file the amended pleading beyond the 91 days, as permitted by MCR 2.118. Plaintiff has offered no explanation for the late filing in her briefs, and, since the removal petition filed January 29, 2010, has not sought leave of this Court to properly amend her pleadings. Where Plaintiff failed to file her amended pleading within 91 days *and* failed to seek leave of the Court to file her pleading after the 91 day period, thereby neglecting to take advantage of the dual opportunities afforded her to pursue her claims, the Court finds that it is appropriate to grant Defendant's motion for summary judgment on these procedural grounds.

V.   **Order**

Accordingly,

IT IS ORDERED that Defendants Crown Corr, Inc. and Hunt Construction Group, Inc.'s motions for summary judgment are GRANTED.

IT IS FURTHER ORDERED that as Defendants Defendants Crown Corr, Inc. and Hunt Construction Group, Inc.'s motion for summary judgment is granted, and they are no longer parties to this matter, Defendant Northwest Airlines' Cross-Claims against Crown Corr, Inc. and Hunt Construction Group, Inc. are DISMISSED AS MOOT.

       s/Bernard A. Friedman
       Bernard A. Friedman
       United States District Judge

Dated: February 23, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 23, 2011, by electronic and/or ordinary mail.

       s/DCO for Carol Mullins
       Case Manager