UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LELA TOMPKINS,

        Plaintiff,                        Case No. 10-10413
                                              HON. BERNARD A. FRIEDMAN

vs.

CROWN CORR, INC., et al.,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.    Introduction**

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order dated June 14, 2011 granting Defendant Kimco Corp's ("Kimco" or "Defendant") motion for summary judgment. Defendant filed a response brief pursuant to the Court's Order to do so. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court will decide this motion without oral argument.

Plaintiff filed her complaint seeking to recover for injuries suffered when she slipped and fell on a wet floor in the McNamara Terminal ("Terminal") at the Detroit Metropolitan Airport ("Detroit Metro"). Defendant's underlying summary judgment motion was based on its contentions that 1) Defendant did not have possession or control over the Terminal; and 2) Plaintiff could not establish that Defendant owed any duty to her that was separate and distinct from its contractual duty to a third party.

**II.    Standard of Review**

Eastern District of Michigan Local Rule 7.1(h) provides the standard for a motion for

1

reconsideration:

> **Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

The Sixth Circuit has held that motions for rehearing or reconsideration brought pursuant to Local Rule 7.1[h] are treated as motions under Fed.R.Civ.P. 59. Crown Service Plaza Partners v. City of Rochester Hills, 2000 WL 658029 (6th Cir. 2000). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008)(quoting York v. Tate, 858 F.2d 322, 326 (6th Cir. 1988)).

### III.   Background

The Court, in issuing its Opinion and Order, determined that Defendant was responsible for policing the floors of the Terminal, and that Defendant's employees did in fact police the floors of the Terminal and take action to alleviate hazards without direction from JCI. The Court held that Defendant was contractually obligated to keep the floors clear of liquid spills, and because Defendant was required by contract to do so, there was no separate and distinct duty owed to the non-contracting Plaintiff, as analyzed applying *Fultz v. Union-Commerce Assoc.*, 470 Mich. 460 (2004). The Court further held that as floor maintenance was an integral part of the contract between Defendant and a third party (JCI), any negligent act by Defendant with regard to leaving liquid on the floor was a breach of a duty owed to JCI rather than to Plaintiff, and therefore Plaintiff's negligence claim could not proceed.

**IV.** **Analysis**

Eight days prior to the Court issuing its June 14, 2011 Opinion and Order, the Michigan Supreme Court released its opinion in *Loweke v. Ann Arbor Ceiling & Partition Co., LLC*, 2011 WL 2184294 (June 6, 2011), which clarifies *Fultz*. The Supreme Court stated,

> We take this opportunity to clarify Fultz's 'separate and distinct' mode of analysis,' 470 Mich. at 467, and hold that a contracting party's assumption of contractual obligations does not extinguish or limit separately existing common-law or statutory tort duties owed to noncontracting third parties in the performance of the contract.

Id. *1.

The Supreme Court further explained that "courts should not permit the contents of the contract to obscure the threshold question of whether any independent legal duty to the noncontracting third party exists, the breach of which could result in tort liability. Instead. . . the operative question under *Fultz* is whether the defendant owed the plaintiff any legal duty that would support a cause of action in tort. . ." Id. *6.

Therefore, "'[w]hether a particular defendant owes *any duty at all* to a particular plaintiff [in tort],' is generally determined without regard to the obligations contained within the contract." Id. *6. Accordingly, "courts should not permit the contents of the contract to obscure the threshold question of whether any independent legal duty to the noncontracting third party exists, the breach of which could result in tort liability." Id.

In applying the *Loweke* holding, Plaintiff argues that by engaging in the conduct of policing the Terminal floors and taking action to alleviate hazards, Defendant owed Plaintiff a common law duty to perform those actions in a non-negligent manner.

Defendant acknowledges that under the common law, there is a general duty to exercise

reasonable care and avoid harming others when one acts. However, argues Defendant, where a cause of action is brought solely on the basis of a defendant's failure to perform its contractual obligations to a nonparty, the plaintiff cannot establish a legal duty in tort. Defendant contends that in the instant matter, Plaintiff has not identified the existence of a duty in tort owed by Defendant to her, and that Defendant's alleged failure to perform its contractual obligations to JCI is insufficient to establish that Defendant owed Plaintiff a duty in tort.

Defendant points out that in order to create a genuine issue of material fact regarding whether Defendant committed an act of negligence in the course of performing its floor maintenance duties, Plaintiff must present evidence establishing that Defendant's employees were on the tram platform on the morning of December 29, 2005, prior to her accident, and either failed to notice the water on the floor or incompetently mopped the puddle. At this point there has not been any testimony regarding whether the presence of water on the floor was reported to Defendant prior to Plaintiff's accident, or whether Defendant and the puddle were contemporaneously present on the platform prior to Plaintiff's accident, on the morning of Plaintiff's accident.

The Court finds that based on the Supreme Court's recent ruling in *Loweke*, if Defendant performed its contractual duties on the morning of Plaintiff's accident, then Defendant owed a duty to Plaintiff to perform such duties in a non-negligent manner. The question of whether Defendant performed its work pursuant to the contract on the morning of the accident and, if so, whether such work was performed negligently, has not yet been properly brought before the Court. Therefore, the Court finds that additional briefing on the questions of breach of duty and causation is necessary in order to resolve Defendant's motion for summary judgment.

**V.      Order**

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is to file a response brief within two weeks of the date of this order addressing the issues of breach of duty and causation.  Such brief is to be limited to ten pages.

IT IS FURTHER ORDERED that Defendant is to file a reply brief within one week of the date of Plaintiff's response.  Such brief is to be limited to ten pages.


Dated: August 2, 2011                    s/Bernard A. Friedman
                                         BERNARD A. FRIEDMAN
                                         UNITED STATES DISTRICT JUDGE