UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LELA TOMPKINS,                                    Case No. 10-10413

        Plaintiff,                              District Judge Bernard A. Friedman

v.                                                Magistrate Judge R. Steven Whalen

DETROIT METROPOLITAN AIRPORT
d/b/a WAYNE COUNTY AIRPORT
AUTHORITY, ET AL.,

        Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Defendant Northwest Airlines' Motion to Compel Plaintiff to Execute Authorizations [Doc. #144]. For the reasons discussed below, the motion is DENIED.

This is a slip-and-fall case in which the Plaintiff claims back and other injuries related to a December 29, 2005 accident at Detroit Metropolitan Airport. Plaintiff alleges that as a result of her injuries, she is impaired in her ability to work and to enjoy life. Defendant has requested that Plaintiff sign authorizations for medical records from Kaiser Permanente, her insurer, and for the release of records from her Facebook account.

Plaintiff has provided the medical releases. Therefore, this portion of the motion is DENIED AS MOOT.

However, Plaintiff maintains her objection to production of her entire Facebook account, including those sections she has designated as private and are therefore not available for viewing by the general public.

While there is no guiding precedent from the Sixth Circuit, other courts have come

to varying conclusions as to the discovery of information posted on social networking sites such as Facebook. The Defendant cites two state court cases, *McMillen v. Hummingbird Speedway, Inc.*, 2010 WL 4403285 (Pa.Com.Pl. 2010), and *Romano v. Steelcase, Inc.*, 907 N.Y.S.2d 650 (2010), in support of its argument that Facebook information is discoverable. Both cases rejected claims that Facebook postings are privileged or that their disclosure would infringe upon a right of privacy. Instead, the cases ordered disclosure under the traditional discovery principles of Fed.R.Civ.P. 26(b), that is, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and that for purposes of discovery, "relevant" evidence "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

In both cases, the public profile Facebook pages contained information that was clearly inconsistent with the plaintiffs' claims of disabling injuries. In *McMillen*, the plaintiff alleged "substantial injuries, including possible permanent impairment, loss and impairment of general health, strength, and vitality, and inability to enjoy certain pleasures of life."  However, the public portion of his Facebook account contained comments about his fishing trip and his attendance at the Daytona 500 race in Florida. In *Romano*, the plaintiff claimed that she had sustained permanent, serious injuries that caused her to be largely confined to her house and bed. The public portions of her Facebook and MySpace accounts showed that to the contrary, "she [had] an active lifestyle and [had] traveled to Florida and Pennsylvania during the time period she claims that her injuries prohibited such activity."

In *McCann v. Harleysvill Ins. Co. of New York*, 78 AD2d 1524 (N.Y. App.Div. 2010), cited by Plaintiff, the court upheld the denial of a motion to compel Facebook

information not on grounds of privacy or privilege, but because the defendant "failed to establish a factual predicate with respect to the relevancy of the evidence," finding that "defendant essentially sought permission to conduct 'a fishing expedition' into plaintiff's Facebook account based on the mere hope of finding relevant evidence." *Id*. at 1525.

I agree that material posted on a "private" Facebook page, that is accessible to a selected group of recipients but not available for viewing by the general public, is generally not privileged, nor is it protected by common law or civil law notions of privacy.[1] Nevertheless, the Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view. Rather, consistent with Rule 26(b) and with the cases cited by both Plaintiff and Defendant, there must be a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence. Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there *might* be something of relevance in Plaintiff's Facebook account.

The Defendant claims that the Plaintiff's public postings, as well as some surveillance photographs, show the relevance of the private postings. They do not. The public postings, attached to Defendant's motion as Exhibit B, are photographs showing the Plaintiff holding a very small dog and smiling, and standing with two other people at a birthday party in Florida. Unlike the situations in *McMillen* and *Romano*, these pictures

---

[1] I do not here address the question of whether a subscriber has a "reasonable expectation of privacy" in private Facebook pages in the context of the Fourth Amendment, such that police would be required to obtain a search warrant to obtain that material. Nor do I decide whether a direct subpoena for such material to Facebook could be challenged under the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq*. *See Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965 (S.D. Cal. 2010) (holding that Facebook and MySpace are Electronic Communication Services, and thus subject to the SCA).

are not inconsistent with Plaintiff's claim of injury or with the medical information she has provided. She does not claim that she is bed-ridden, or that she is incapable of leaving her house or participating in modest social activities. The dog in the photograph appears to weigh no more than five pounds[2] and could be lifted with minimal effort.

The Defendant has also attached surveillance photographs that show the Plaintiff pushing a grocery cart. This too is a rather mundane and minimally exertional activity that is in no way inconsistent with the Plaintiff's claims.[3]

If the Plaintiff's public Facebook page contained pictures of her playing golf or riding horseback, Defendant might have a stronger argument for delving into the non-public section of her account. But based on what has been provided to this Court, Defendant has not made a sufficient predicate showing that the material it seeks is reasonably calculated to lead to the discovery of admissible evidence. *McCann, supra*, 78 A.D.3d at 1525 ("Although defendant specified the type of evidence sought [access to plaintiff's Facebook account], it failed to establish a factual predicate with respect to the relevancy of the evidence."). Moreover, the request for the entire account, which may well contain voluminous personal material having nothing to do with this case, is overly broad. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."

---

[2] In her response to this motion, Plaintiff asserts that the dog weighs two pounds.

[3] In the context of Social Security Disability, courts have observed that "[t]he fact that [a claimant] can still perform simple functions, such as driving, grocery shopping, dish washing and floor sweeping, does not necessarily indicate that this appellant possesses an ability to engage in substantial gainful activity. Such activity is intermittent and not continuous, and is done in spite of the pain suffered by [the claimant]." *Walston v. Gardner,* 381 F.2d 580, 586 (6th Cir.1967). *See also Fulwood v. Heckler,* 594 F.Supp. 540, 543 (D.C.D.C.1984) ("Merely because an individual is somewhat mobile and can perform some simple functions, such as driving, dishwashing, shopping, and sweeping the floor, does not mean that he is able to engage in substantial gainful activity.").

*Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir.2007) (citing Fed.R.Civ.P. 26(b)(2)); *accord Marshall v. Westinghouse Elec. Corp.,* 576 F.2d 588, 592 (5th Cir.1978) (Rule 26 "does not, however, permit a plaintiff to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.").

For these reasons, Defendant's request for Plaintiff to sign authorizations to access her Facebook account is DENIED.[4]

IT IS SO ORDERED.

                                     s/ R. Steven Whalen
                                     R. STEVEN WHALEN
                                     UNITED STATES MAGISTRATE JUDGE

Date: January 18, 2012

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 18, 2012.

                                     s/Johnetta M. Curry-Williams
                                     Case Manager

---

[4] I decline the parties' alternative suggestion that I conduct an *in camera* review of Plaintiff's private Facebook postings. "Such review is ordinarily utilized only when necessary to resolve disputes concerning privilege; it is rarely used to determine relevance." *Collens v. City of New York,* 2004 WL 1395228, *2 (S.D.N.Y. 2004).